William L. BIRD, Petitioner—
Appellant,

v.

Jill BROWN, Warden, Respondent—
Appellee.

No. 08–16165.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 14, 2009.

Filed June 16, 2009.

Lyn A. Woodward, Esquire, Pacific Grove, CA, for Petitioner–Appellant.

Ann Patricia Wathen, Esquire, AGCA–Office of the California Attorney General, San Francisco, CA, for Respondent–Appellee.

Before: REINHARDT, SILER,* and McKEOWN, Circuit Judges.

* The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

MEMORANDUM **

Petitioner William L. Bird appeals the district court's order denying his petition for a writ of habeas corpus. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.

In 2002, Bird was charged with second degree burglary and grand theft. The information alleged he had one strike prior for assault by means of force likely to produce great bodily injury, a violation of California Penal Code section 245(a), and four prison priors. He was found guilty as charged on the burglary and theft counts. He waived jury trial on the strike prior and prison priors and filed a motion to dismiss the strike, arguing that the section 245(a) assault charge is not a strike under section 1192.7(c)(23) ("any felony in which the defendant personally used a dangerous or deadly weapon."). He also argued that the court could not review the facts of the underlying assault conviction to determine whether he personally used a deadly or dangerous weapon because he was not charged with that and therefore had not had the right to a jury trial on that issue.

After denying the motion to dismiss the strike prior, the court found all the prison priors to be true. It reviewed the preliminary hearing transcript of the section 245(a) conviction and concluded that it qualified as a strike prior under section 1192.7(c)(23). He was sentenced to a four-year term on the burglary charge, a four-year term stayed on the theft charge, and a one-year enhancement for each prison prior, resulting in a total eight-year term. In 2003, the California Court of Appeal affirmed Bird's conviction, finding the state court's use of the preliminary hearing transcript to determine whether the

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

prior conviction was a strike was not a violation of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). The California Supreme Court denied his petition for review. Bird then filed a petition for a writ of habeas corpus, which was denied.

Bird argues that the state court unreasonably applied *Apprendi* by allowing the trial court to determine that his prior conviction was a strike. 28 U.S.C. § 2254(d)(1). To assess the state court's adjudication, we look to the last reasoned decision of the state court, which is the 2003 California Court of Appeal's decision. *Franklin v. Johnson,* 290 F.3d 1223, 1233, n. 3 (9th Cir.2002). That court held that the determination did not violate state law and that there was no Supreme Court law extending *Apprendi* to this context.

We decline to reach the question whether *Apprendi* clearly establishes that the defendant has the right to a jury determination of the underlying facts related to a prior conviction, because here Bird was given the option of a jury trial on the strike prior and explicitly waived that right. Because Bird "consent[ed] to judicial factfinding as to [his] sentence enhancements," he waived his *Apprendi* claim. *Blakely v. Washington,* 542 U.S. 296, 310, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). For this reason, even if the state court's application of *Apprendi* was unreasonable—and it likely was not—that error was harmless. We therefore affirm the district court's denial of Bird's petition for a writ of habeas corpus.

**AFFIRMED.**

